UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY PALMER<br>      Plaintiff, | )  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)  CASE NO. 3:14 CV<br>)<br>) |
| v. | |
| MIDLAND FUNDING LLC,<br>MIDLAND CREDIT MANAGEMENT, INC.<br>      Defendants. | |

## COMPLAINT

1.	Plaintiff brings this action against defendants to obtain relief for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION

2.	This Court has jurisdiction under 15 U.S.C. §1692k(d).

3.	Venue in this District is appropriate because Defendants' collection demands were received at plaintiff's Connecticut address and Defendants intentionally aimed the activities at issue toward Connecticut.

## PARTIES

4.	Plaintiff Gary Palmer is a natural person to whom Defendants mailed collection letters at his postal address in Greenwich CT.

5.	Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

6.	Each Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6). The principal purpose of Defendants is the purchase or collection of defaulted debts using the mails and telephone.

7.	Defendants engaged in collection efforts and communicated with Plaintiff on or after

one year before the date of the filing of this action, in connection with collection efforts with regard to Plaintiff's account allegedly originating with Chase Bank USA ("Chase") ending in 3779.

## FACTUAL ALLEGATIONS

8. Defendant Midland Funding, LLC ("Funding") claims to have purchased Plaintiff's defaulted Chase account in or before 2011.

9. Funding is licensed as a debt buyer in Connecticut by the Connecticut Department of Banking.

10. In and since 2011, Defendant Midland Credit Management, Inc. ("MCM") engaged in collection efforts on behalf of Funding, seeking to collect a balance on plaintiff's Chase account, identifying it as MCM account number ending in 8913.

11. MCM is licensed as a consumer collection agency by the Connecticut Department of Banking.

12. The alleged debt at issue arose out of credit card transactions which were primarily for personal, family or household purposes.

13. On or about October 25, 2013, the Defendants wrote and sent to the Plaintiff by U.S. mail a collection or dunning letter (the "October 25 Letter") which attempted to induce Plaintiff into paying the Chase debt.

14. Defendants' October 25 Letter included a prominent box which stated in bold print "After receiving your final payment, we will consider the account PAID IN FULL and the three major credit reporting agencies will be updated accordingly." There was no asterisked explanation that "Your credit report will not be updated if the federal reporting period has expired" as had appeared on Defendants' letter to Plaintiff dated November 17, 2011.

15. At the time of the October 25 Letter, the Chase account was no longer being reported by the consumer reporting agencies ("CRAs") because of its age.

16. Defendants knew or had reason to know that the Chase account was not on Plaintiff's credit report.

17. Defendants' October 25 Letter included a prominent footnote: "The law limits how long you can be sued on a debt. Because of the age of your debt, Midland Funding LLC will not sue you for it. If you do not pay the debt, Midland Funding LLC may report or continue to report it to the credit reporting agencies as unpaid."

18. Because of the age of the debt, Defendants should have disclosed that Funding "may not" report or continue to report the account to the credit reporting agencies as unpaid.

19. Because of the age of the debt, Defendants should have disclosed that Funding "would not" report or continue to report the account to the credit reporting agencies as unpaid.

20. Defendants intended to motivate consumers who received collection letters twice mentioning credit reporting to make payment arrangements in order to protect their credit report.

21. Defendants are aware that credit reporting is an effective collection tool. *E.g.*, *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030 (D. Minn. 2010), *aff'd on other grounds*, 413 Fed. Appx. 925 (8th Cir. 2011) ("[T]hreatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver"), and that credit reporting is a "powerful tool designed, in part, to wrench compliance with payment terms from" debtors. *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993); *see e.g., Gonzales v. Arrow Financial Services*, *LLC*, 660 F.3d 1055, 1062-64 (9th Cir. 2011) (false threats to report the debt to a CRA violated the FDCPA); *Creighton v. Emporia Credit Service, Inc.*, 981 F. Supp. 411, 416 (E.D. Va. 1997) (same).

22.     Each Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring its letters into compliance with the FDCPA, but each neglected to do so and each failed to adequately review its actions to ensure compliance with said law.

23.     Defendants violated the FDCPA, including of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10) or 1692f, as evidenced by the following conduct:

(a)     Using false, deceptive and misleading representations or means in connection with the collection of an alleged debt;

(b)     Falsely representing the character, amount or legal status of an alleged debt;

(c)     Threatening to take action that cannot legally be taken or that is not intended to be taken;

(d)     Using any false representation or deceptive means to collect or attempt to collect a debt:

(e)     Using unfair or unconscionable means to attempt to collect a debt.

24.     Defendants' acts as described above were done with the purpose of inducing Plaintiff to pay the debt.

25.     As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for statutory damages, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)     That judgment be entered against each Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  (b) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and,

  (c) That the Court grant such other and further relief as may be just and proper,

         Respectfully submitted,

Date: May 14, 2014          **/s/ Joanne S. Faulkner**
                 Joanne S. Faulkner ct04137
                 faulknerlawoffice@snet.net
                 123 Avon Street
                 New Haven, CT 06511-2422
                 (203) 772-0395