UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY PALMER,  :   Plaintiff, : | CIVIL ACTION NO. |
| : | 3:14-CV-00691 (JCH) |
| v. : | |
| : | APRIL 27, 2015 |
| MIDLAND FUNDING, LLC, et al., :   Defendants. : | |

**RULING RE: PLAINTIFF'S FEE APPLICATION (Doc. No. 34)**

**I.     INTRODUCTION**

Plaintiff Gary Palmer ("Palmer") has moved for an award of attorney's fees pursuant to the Fair Debt Collection Practices Act ("FDCPA"), title 15, United States Code, section 1692k(a)(3), in the amount of $16,140.00, for 40.35 hours at $400 per hour.  Plaintiff's Fee Application ("Fee App.") (Doc. No. 34).  Defendants Midland Funding, LLC, and Midland Credit Management, Inc. oppose Palmer's Motion.  Defendants' Memorandum in Opposition to Plaintiff's Motion for Fee Application ("Opp.") (Doc. No. 35).  Specifically, defendants argue that the requested rate of $400 per hour is unreasonable, that some tasks performed by Attorney Joanne Faulkner could have been performed by a secretary or paralegal, that Attorney Faulkner's Fee Affidavit requests certain fees that are duplicative or "unidentifiable," and that fees incurred between May 14, 2014 and November 5, 2014 should be reduced as duplicative of those incurred in a separate action between plaintiff and defendants involving the same counsel.  For the reasons set forth below, Palmer's application is **GRANTED** in part.

**II.    STANDARD OF REVIEW**

Under the FDCPA, a plaintiff who successfully prosecutes a defendant's failure to comply with any provision of the FDCPA is entitled to "a reasonable attorney's fee as

1

determined by the court." 15 U.S.C. § 1692k(a)(3).  Where the plaintiff prevails on an FDCPA claim, an award of fees is mandatory even if the plaintiff is not entitled to actual or statutory damages.  Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1998).

When determining attorney's fees, district courts should:

> in exercising its considerable discretion, . . . bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate. The reasonable hourly rate is the rate a paying client would be willing to pay. In determining what rate a paying client would be willing to pay, the district court should consider, among others, the Johnson factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively. The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case. The district court should then use that reasonable hourly rate to calculate what can properly be termed the "presumptively reasonable fee."[1]

Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008).  Thus, to calculate a presumptively reasonable fee, the court must:

> (1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the two to calculate the presumptively reasonable fee; and (4) make any appropriate adjustments to arrive at the final fee award.

Silver v. Law Offices Howard Lee Schiff, P.C., No.3:09cv912, 2010 WL 5140851, at *1 (D. Conn. Dec. 16, 2010).  As part of the reasonableness analysis, the court should also consider the Johnson factors.  Id.; Arbor Hill, 522 F.3d at 190.  "After determining the amount of the presumptively reasonable fee, the court may use its discretion to increase

---

[1] The Arbor Hill opinion also abandoned the use of the term "lodestar," instead favoring the phrase "presumptively reasonable fee," which the Second Circuit noted is a better reflection of how courts actually calculate attorney's fees.  522 F.3d 182 at 190.

2

or reduce the amount based on the particular circumstances of the case." Chan v. Sung Yue Tung Corp., 2007 WL 1373118, at *1 (S.D.N.Y. May 8, 2007).

### III. DISCUSSION

#### A. Reasonableness of Hourly Rate

A reasonable hourly rate is "the rate a paying client would be willing to pay." Arbor Hill, 522 F.3d at 190. The determination of a prevailing rate requires a "case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel." Cabala v. Morris, 2012 WL 3656364, at *6 (D. Conn. Aug. 24, 2012) (citation and quotation marks omitted).

Plaintiff's counsel, Joanne Faulkner, seeks fees at $400.00 per hour. Fee Affidavit of Joanne S. Faulker ("Faulkner Aff.") (Doc. No. 34-2) at ¶ 10. Defendants argue that the prevailing rate awarded to Attorney Faulkner in prior FDCPA cases in this district is $350 per hour, and thus that her hourly rate should be reduced to this amount. Opp. at 6. However, the hourly rate sought here is less than the rate of other similarly experienced attorneys in the market, Faulkner Aff. at ¶¶ 12-13, and the rate falls within the range of awards Attorney Faulkner has previously received from other courts in this Circuit, id. at ¶ 10. While Attorney Faulkner has received a rate of $350 per hour in a number of prior cases, these cases date back nearly ten years. "'A reasonable hourly rate' is not ordinarily ascertained simply by reference to rates awarded in prior cases," rather, it is the "prevailing market rate." Farbotko v. Clinton Cnty. of New York, 433 F.3d 204, 208 (2d Cir. 2005). After considering the relevant "case-specific variables," Arbor Hill, 522 F.3d at 190, the court is satisfied that $400.00 is a reasonable hourly rate.

3

B.   Reasonableness of time spent

"The task of determining a fair fee requires a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir.1994).  The court should "exclude hours that were not 'reasonably expended.'" Id. at 133 (quoting Hensley, 461 U.S. at 434).  Attorney Faulkner has submitted billing records for 40.35 hours of work.  Billing Records (Doc. No. 34-2).

Defendants argue that the time billed by Attorney Faulkner is excessive, in that she "spent more time than was necessary to accomplish what can be considered as standard drafting tasks" and that some time entries include "secretarial or paralegal functions."  Opp. at 7.  Specifically, they request that the court remove approximately 2.7 hours as improperly included paralegal/administrative tasks.  Id. at 8.  However, while Attorney Faulkner is a solo practitioner, there is no evidence indicating that she included non-legal functions in her billing records, or to contradict her sworn statement that the time records do not include non-legal tasks.  Faulkner Aff. ¶ 8.  Thus, no reduction in billable time is warranted on this basis.  See Silver v. Law Offices Howard Lee Schiff, P.C., 2010 WL 5140851 at *3.

Defendants further request that certain time entries be reduced or removed from the fee award on the basis that they are duplicative or insufficiently clear.  First, they argue that the 11/08/14 time entry be reduced by 0.75 hours on the basis that it is duplicative of the 10/24/14 entry, since both entries include reviewing discovery responses. Opp. at 8.  Plaintiff contends these entries are not duplicative, and that it was necessary to review the defendants' discovery responses twice, once for the

4

discovery conference and second for the Motion to Compel.  Reply in Support of Fee Application (Doc. No. 36) ("Rep.") at 5.  The court agrees that the time spent was not excessive and that no reduction is warranted for this entry.

Second, Defendants request that the 1/12/15 entry for 2 hours entitled "billing judgment" be removed, arguing that it is unidentifiable.  Opp. at 8.  In response, plaintiff states only that "the exercise of 'billing judgment' is a component of every fee request."  Rep. at 5.  The court agrees that plaintiff's fees should be reduced by this amount, particularly in light of the fact that plaintiff's billing record also contains a separate 2 hour entry from the same day entitled "prep fee app."  Opp. at 3, 8.

Third, defendants argue that the "miscellaneous" billing entry entitled "May 2014 confs client, potential co"[2] for 2 hours should be deducted as it is most likely duplicative of the "miscellaneous" March 2014 entry.  Opp. at 8.  Plaintiff contends that this entry represents "an exploration with co-counsel and plaintiff about whether this claim . . . should be brought as a class action."  Rep. at 6.  Defendants present no authority for reducing the fee by this entry, other than their objection to its vagueness and their presumption that it is duplicative of a different entry.  This is insufficient to render the time plaintiff's counsel expended in these entries unreasonable.  While not detailed, the entries in question "contain sufficient information to permit the identification of the general subject matter" of Attorney Faulkner's time expenditure.  <u>Silver</u>, 2010 WL 5140851 at *2 (internal quotations omitted).

Finally, defendants argue that Attorney Faulkner's fees are duplicative because of a separate action she instituted against them on behalf of the same plaintiff, Case

---

[2] Plaintiff's Reply notes that the end of this entry was truncated, and it should have read "Confs client, potential co <u>counsel</u>" (emphasis added).  Rep. at 6.

No. 3:14-CV-00692-RNC.  This case was settled on Nov. 5, 2014.  Defendants argue that several tasks undertaken by Attorney Faulkner related to the prosecution of both cases, and thus should be stricken from plaintiff's claim for fees because they were previously recovered as part of the other case.  They argue that on this basis, plaintiff's fee award should be reduced by $2000.  Opp. at 8.  However, defendants provide no basis as to which entries are duplicative or why $2000 is an appropriate reduction.  Additionally, Attorney Faulkner's sworn affidavit represents that "the time records do not duplicate work performed in any other file."  Faulkner Aff. at ¶ 8.  Defendants provide no authority for reducing attorney's fees based solely on similar cases filed by the same counsel, and there is nothing on the record before the court to evidence that Attorney Faulkner included time expended on No. 3:14-CV-00692-RNC in her billing records in this case.

## IV.    CONCLUSION

For the aforementioned reasons, Palmer's Motion for Attorney's Fees (Doc. No. 34) is hereby **GRANTED** in part as described above.  Palmer is awarded $15,340.00 in attorney's fees.

**SO ORDERED.**

Dated at New Haven, Connecticut this 27th day of April, 2015.

 /s/ Janet C. Hall
Janet C. Hall
United States District Judge

6